**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRYAN GRELL,

        Plaintiff,

vs.                                     Case No. 3:05-cv-1237-J-32HTS

BANK OF AMERICA CORPORATION,
a foreign corporation,

        Defendant.

## ORDER[1]

This "slip and fall" case was tried on damages only. The jury returned a verdict in favor of plaintiff Bryan Grell, awarding him $32,000.00 for past medical expenses; $20,500.00 for "future damages for medical expenses . . . in future years reduced to present value"; $15,000.00 for past pain and suffering; and $0 for pain and suffering in the future (Doc. 93), for a total award of $67,500.00.

This case is now before the Court on Defendant's Motion To Reduce Verdict: Alternative Motion For New Trial (Doc. 96), and Plaintiff's Bill Of Costs And Motion To Tax Costs. (Docs. 95, 98.) The Court also considers the parties responses to the motions (Docs. 101, 102), and exhibits filed in support or response to the motions.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

(Docs. 95-2-95-8; 97.)

## I.    **DEFENDANT'S MOTION TO REDUCE VERDICT**

### A.    **Motion To Reduce Award for Past Medical Expenses**

Defendant Bank of America seeks to reduce the jury's verdict awarding $32,000.00 for past medical expenses to "the amount received and accepted by Mr. Grell's treating doctors," or $6,108.78. (Doc. 96 at 2, 5.) Bank of America argues that "the amount of money accepted by Plaintiff's treating doctors from third party health insurers is the amount of Plaintiff's damages for past medical expenses." (Doc. 96 at 5.) Defendant contends that "all but Dr. Kilgore's bills were submitted to plaintiff's health insurer, BCBS [Blue Cross Blue Shield], and must be reduced accordingly." (Id.)

Plaintiff Grell agrees that the $11,885.00 that was "written off" by BCBS should be set-off and subtracted from the jury's award of $32,000.00 for past medical expenses, but that his remaining $13,571.00 in medical expenses remain due and owing "out of pocket." (Doc. 102 at 2.)[2]

---

[2] According to Plaintiff's Exhibit 13 and the BCBS Summary of Benefits (Doc. 97), Grell's past medical expenses break down as follows:

The question presented here is governed by Florida's collateral source statute, Section 768.76, Florida Statutes, which provides in part:

> (1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists . . . .

Fla. Stat. § 768.76(1).

The lead case addressing collateral source reduction of past medical expenses for insurer discounts is <u>Goble v. Fohman</u>, 901 So.2d 830 (Fla. 2005), in which the Florida Supreme Court held that contractual discounts, representing the difference between what the injured plaintiff's medical providers billed and the amount paid to medical providers pursuant to fee schedules in contracts between plaintiff's health

---

|  | Total Charged | Submitted to BCBS | Paid by BCBS | Contractual Discount | Remaining (Out of Pocket) |
|---|---|---|---|---|---|
| Monahan (Chiropractor) | $12,315.00 | 4,192.00 | 1,925.24 | 2,266.76 | 8,123.00 |
| Jacksonville Spine Center | 8,501.00 | 8,500.00 | 3,065.30 | 5,434.70 | 0 |
| Dr. Kilgore | 3,801.00 | 0 | 0 | 0 | 3,801.00 |
| HorizonDiagnostic Med Fund LLC | 5,300.00 | 1,200.00<br>4,100.00 | 237.62<br>880.62 | 962.38<br>3,219.38 | 0 |
| Duval Imaging | 1,402.00 | 0 | 0 | 0 | 1,402.00 |
|  | $ 31,319.00 | $ 17,992.00 | $6,108.54 | $ 11,883.22 | $ 13,326.00 |

maintenance organization (HMO) and medical providers, fit within the statutory definition of "collateral sources" as contemplated by Section 768.76. Accordingly, that amount of contractual discount, for which no right of reimbursement or subrogation exists, should be set off against the award of compensatory damages to plaintiff for past medical costs. Id. The court found that the insurer's payment to the medical providers at the discounted rate "fully discharged [plaintiff's] obligation to his medical providers." Goble, 901 So.2d at 833. Under Section 768.76, an injured party "may recover only that portion of his medical bills that he is actually obligated to pay." Goble, 901 So.2d at 836 (Lewis J., concurring). In so concluding, the Supreme Court noted that the term "payments made" found in Section 768.76, includes the concept of "discharge of debt." Goble, 901 So.2d at 833. Because the contractual payment by the insurer to the health care provider discharged the debt owed on that health care provider's bill, the contractual discount constitutes a "payment made" by a collateral source for which plaintiff cannot recover. Goble v. Frohman, 848 So.2d 406, 409 (Fla. 2d DCA 2003), approved, 901 So.2d 830 (Fla. 2005). "Awarding an injured party damages that include a contractual discount . . . results in a windfall to the injured party for damages that have not been incurred," undermining the purpose of the collateral source statute. Goble, 848 So.2d at 410.

Bank of America has made no showing of a "discharge of debt" beyond the $11,885.00 "contractual discount" made by BCBS for the medical charges actually

4

submitted to it. The payments made by BCBS do not discharge Grell's additional obligations to the medical providers, contemplated by Plaintiff's Exhibit 13. Damages for past medical expenses are not limited only to those amounts paid by health insurers to a plaintiff's treating physicians, as Bank of America suggests. (Doc. 96 at 5. Rather, the appropriate measure of compensatory damages for past medical expenses is that amount which will make the injured party whole. Cooperative Leasing, Inc. v. Johnson, 872 So.2d 956, 957-58 (Fla. 2d DCA 2004). Bank of America has not shown that Grell was able to or required by the collateral source statute to submit the additional medical charges to his health insurer.

Thus, Grell is entitled to damages for past medical expenses in the amount of $19,434.00, representing the $31,319.00 in total damages awarded by the jury (and supported by Plaintiff's Exhibit 13)[3] minus the $11,885.00 BCBS contractual discount, which constitutes a Section 769.76 collateral source, under the teachings of Goble, supra. The award of $19,434.00 for past medical expenses equals the $6,108.78 paid by BCBS, for which BCBS has a right of subrogation or reimbursement, plus the remaining unpaid medical expenses for which Grell remains liable.[4]

---

[3] The jury actually awarded $32,000.00 but this was $681.00 more than the evidence supported.

[4] Inasmuch as it is undisputed that the only contractual discount made by BCBS is the agreed-upon amount of $11,885.00, an evidentiary hearing is unnecessary to the Court's determination of collateral source set-off, and the Court denies Defendant's Request For Hearing On Defendant's Motion To Reduce Verdict;

### B.   Reduction of Past Medical Expenses Incurred on "Letter of Protection"

Defendant Bank of America seeks to reduce the damages recoverable by Grell for past medical expenses by a "set-off for what could have been paid by the plaintiff's health insurance carrier" to plaintiff's doctor Dr. Kilgore, had Dr. Kilgore submitted his $3,801.00 bill for medical services to BCBS for payment. (Doc. 96 at 3.) Conceding that this is "a unique issue under Florida law," Bank of America cites no legal authority to support its request that the Court conduct an evidentiary hearing to determine what the BCBS contractual discount would have been had Dr. Kilgore or Grell submitted Dr. Kilgore's bill to BCBS for payment. (Id.) Bank of America's complaint is that Dr. Kilgore, to whom Grell was referred by his attorneys, provided medical services to Grell pursuant to a so-called "letter of protection" which required Grell to be 100 per cent responsible for the bill, rather than submit his bills for Plaintiff's treatment to Plaintiff's health insurance carrier so that defendant Bank of America could exercise its "entitlement" to benefit from a collateral source "contractual discount." (Doc. 96 at 2-3, 5.)

The Court declines Bank of America's invitation to set off a hypothetical contractual discount from plaintiff's award for past medical expenses. See Allstate Ins. Co. v. Rudnick, 761 So.2d 289, 292 (Fla. 2000)(section 768.76 collateral source

---

Alternative Motion For A New Trial. (Doc. 104.)

set-off benefits are those "that have already been paid or that are presently due and owing").

## II. Motion To Reduce Present Value of Future Medical Expenses or Alternatively Motion for a New Trial

At trial, the Court, citing the collateral source evidentiary prohibitions, denied Bank of America's request to question plaintiff Grell's economist, Dr. Joseph Perry, about potential future payments from Medicare and Grell's health insurance carrier which would be set off against future medical costs. Bank of America now contends that the Court should calculate, following a post-trial evidentiary hearing, what those future benefits would be, and deduct that value as a collateral source from the jury's award of $20,500.00 for present value of future medical expenses. Alternatively, if the Court determines that the potential future third party payments for future medical expenses are not a collateral source which may be set-off from the award for future medical expenses, then Bank of America says it has been incurably prejudiced by not being permitted to raise at trial the future potential third party payments, and the Court should order a new trial. (Doc. 96 at 4-5.)

In Allstate Ins. Co. v. Rudnick, 761 So.2d at 289, the Florida Supreme Court held that future medical payments benefits should not be set off against a verdict that included future medical damages. Noting that section 768.76 provides set-off of collateral sources "which have been paid for the benefit of the claimant, or which are otherwise available to him," the Florida Supreme Court concluded that "the use of the

word 'available' strongly suggests that the Legislature only intended to set off those benefits which have already been paid or that are presently due and owing." Id. at 292. "[T]he Legislature did not intend to allow a collateral source setoff for future potential benefits." Id., at 293.

Accordingly, the Court declines to set off potential future third party insurance or Medicare payments for future medical expenses. Allstate Ins. Co. v. Rudnick, 761 So.2d at 293; see also Bravo v. United States, 403 F. Supp.2d 1182, 1199 n.13 (S.D. Fla. 2005)(no set-off for future Medicaid payments is permitted under Florida law, citing section 768.76); Measom v. Rainbow Connection Preschool, Inc., 568 So.2d 123, 124 (Fla. 5th DCA 1990)(section 768.76 does not authorize court to set off unearned collateral source benefits dependent upon future employment, against future medical expenses); White v. Westlund, 624 So.2d 1148, 1153 (Fla. 4th DCA 1993)(section 768.76 does not authorize collateral source set off of payments that may be made in the future); Swamy v. Hodges, 583 So.2d 1095, 1097 (Fla. 1st DCA 1991)(future social security benefits could not be set off from medical malpractice judgment); cf. Florida Physician's Ins. Reciprocal v. Stanley, 452 So.2d 514 (Fla. 1984)(evidence of free charitable services admissible on issue of future damages).

Furthermore, the Court denies defendant Bank of America's motion for a new trial based upon the Court's precluding defendant from questioning Grell's economist expert about potential future medical payments. See Sheffield v. Superior Ins. Co.,

800 So.2d 197, 203 (Fla. 2001)(error to admit evidence of group insurance which jury could conclude was available to cover future medical expenses); Gormley v. GTE Products Corp., 587 So.2d 455, 457 (Fla. 1991)("[a]s a rule of evidence, the collateral source rule prohibits the introduction of any evidence of payments from collateral sources"); Winston Towers 100 Ass'n, Inc. v. De Carlo, 481 So.2d 1261 (Fla. 3d DCA 1986)(collateral source rule properly applied to exclude evidence of Medicare benefits from the jury's consideration of damages).

## III.  COSTS

Plaintiff Grell, as prevailing party, seeks $8,358.22 in costs. (Doc. 95.) Bank of America objects to $4,390.48 of Grell's requested costs. Specifically, Bank of America objects to Grell's request for deposition transcription costs for Grell and his family members and experts ($1,521.06); a DVD duplication of a videotape ($19.95 plus 7% tax); the cost of obtaining his employment records ($260.40); photocopying costs that are too "vague" to ascertain whether they are authorized or not ($2,437.25); and undocumented witness fees ($151.82). (Doc. 101 at 4.)

District courts have great latitude in determining whether deposition transcripts were "necessarily obtained" for use in the case. See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., No. 6:05-cv-269-Orl-28JGG, 2007 WL 842771, at *6 (M.D. Fla. 2007)(citing Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981)). The Court concludes that the cost of obtaining transcripts of the listed

depositions is recoverable. Moreover, determining that the remaining costs sought are indeed taxable and reasonable and were "necessarily obtained for use in the case," 28 U.S.C. § 1920, the Court concludes that Grell, as prevailing party, is entitled to recovery of costs in the full requested amount of $8,358.22.

For the foregoing reasons, and upon due consideration, it is hereby

**ORDERED:**

1. Defendant's Motion To Reduce Verdict: Alternative Motion For New Trial (Doc. 96) is **GRANTED IN PART AND DENIED IN PART** as follows:

> A. Plaintiff Grell is entitled to recovery in the following amounts:
>
> | | |
> |---|---|
> | Past Medical Expenses: | $19,434.00 |
> | Future Medical expenses: | $20,500.00 |
> | Past Pain and Suffering: | <u>$15,000.00</u> |
> | **Total:** | **$54,934.00** |
>
> B. Defendant's Motion For New Trial is **DENIED.**

2. Plaintiff's Bill Of Costs And Motion To Tax Costs (Docs. 95, 98) is **GRANTED.** Plaintiff Grell is entitled to recovery of costs in the amount of **$8,358.22.**

3. The Court will enter Judgment in favor of Plaintiff Bryan Grell consistent with this Order.

4. Based upon the plaintiff's Notice of Voluntary Dismissal (Doc. 103), Plaintiff Jennifer Grell is hereby **DISMISSED** with prejudice, with each party to bear

their own attorneys' fees and costs as to Plaintiff Jennifer Grell.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

j.
Copies to:
Counsel of Record